UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Janet Hunt,

Plaintiff,

-against-

Kingsbrook Jewish Medical Center, Inc., et al,

Defendants.

Case No. 1:11-cv-04736-JBW-CLP

**ANSWER TO THE VERIFIED COMPLAINT**

Defendants, (incorrectly) named as Kingsbrook Jewish Medical Center, Inc. ("Kingsbrook"), Rutland Nursing Home, Inc. ("Rutland")[1], Linda Brady, individually and as president and chief executive officer of Kingsbrook Jewish Medical Center and Rutland Nursing Home, and John McKeon, individually and as vice-president of Human Resources at Kingsbrook Jewish Medical Center (collectively, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., as and for their Answer to the Complaint (the "Complaint") of Janet Hunt ("Plaintiff"), state as follows:

1.      Deny each and every allegation contained in paragraph 1 of the Complaint, except admit that Kingsbrook and Rutland are both non-profit entities located in Brooklyn, New York.

2.      Admit the allegations contained in paragraph 2 of the Complaint.

3.      Deny each and every allegation contained in paragraph 3 of the Complaint, except admit that Kingsbrook is a non-profit entity, incorporated in New York, located at 585 Schenectady Avenue, Brooklyn, New York 11203.

4.      Deny each and every allegation contained in paragraph 4 of the Complaint, except admit that Kingsbrook is a non-profit entity, incorporated in New York, and that Rutland is a division of Kingsbrook; both located at 585 Schenectady Avenue, Brooklyn, New York 11203.

---

[1]  The correct name of Defendants is Kingsbrook Jewish Medical Center.

5.     Deny each and every allegation contained in paragraph 5 of the Complaint, except admit that Rutland is a division of Kingsbrook located at 585 Schenectady Avenue, Brooklyn, New York 11203.

6.     Deny each and every allegation contained in paragraph 6 of the Complaint, except admit that Kingsbrook is a non-profit entity, incorporated in New York, located at 585 Schenectady Avenue, Brooklyn, New York 11203 and is an acute-care hospital.

7.     Admit the allegations contained in paragraph 7 of the Complaint.

8.     Deny each and every allegation contained in paragraph 8 of the Complaint, except aver that Rutland is a division of Kingsbrook located at 585 Schenectady Avenue, Brooklyn, New York 11203.

9.     Admit the allegations contained in paragraph 9 of the Complaint.

10.     Admit the allegations contained in paragraph 10 of the Complaint.

11.     Deny each and every allegation contained in paragraph 11 of the Complaint, except aver that Defendant Linda Brady is the President and CEO of Kingsbrook.

12.     Admit the allegations contained in paragraph 12 of the Complaint.

13.     Deny each and every allegation contained in paragraph 13 of the Complaint, except admit that the Complaint purports to allege claims pursuant to the statutes cited there.

## RESPONSE TO "FIRST CAUSE OF ACTION"

14.     Defendants repeat and reallege their answers to paragraphs 1 through 13 of the Complaint, as if each were fully set forth at length herein.

15.     Deny knowledge or information sufficient to form a belief as to Plaintiff's national-origin.

16.     Admit the allegations contained in paragraph 16 of the Complaint.

17.     Deny each and every allegation contained in paragraph 17 of the Complaint, except admit that Plaintiff was employed as a Certified Nursing Assistant ("CNA") at Rutland.

18.     Deny each and every allegation contained in paragraph 18 of the Complaint, except admit that Plaintiff was employed as a CNA at Rutland.

19.     Deny each and every allegation contained in paragraph 19 of the Complaint, except admit that Ms. Laguerre is a Head Nurse at Rutland and deny knowledge or information sufficient to form a belief as to Ms. Laguerre's national origin or Mr. Mack's national origin.

20.     Deny each and every allegation contained in paragraph 20 of the Complaint, except admit Plaintiff was employed as a CNA at Rutland and deny knowledge or information sufficient to form a belief as to Ms. Moore's ethnicity.

21.     Deny each and every allegation contained in paragraph 21 of the Complaint.

22.     Deny each and every allegation contained in paragraph 22 of the Complaint, except aver that Plaintiff was directed to attend a meeting with Mr. McKeon.

23.     Deny each and every allegation contained in paragraph 23 of the Complaint, except admit there was a meeting in the Human Resources Department with Plaintiff and deny knowledge or information sufficient to form a belief as to Ms. Collin's national origin or. Mr. William's ethnicity.

24.     Deny each and every allegation contained in paragraph 24 of the Complaint, except aver that Plaintiff attended a meeting with Mr. McKeon, and others, concerning her employment.

25.     Deny each and every allegation contained in paragraph 25 of the Complaint, as they state a legal conclusion and deny knowledge or information with regard to the allegations concerning a "su-su."

26.     Deny each and every allegation contained in paragraph 26 of the Complaint, as they state a legal conclusion and deny knowledge or information with regard to the allegations concerning a "su-su."

27.     Deny each and every allegation contained in paragraph 27 of the Complaint, except admit that Plaintiff told Mr. McKeon she was running a "su-su."

28.     Admit the allegations contained in paragraph 28 of the Complaint, except deny that Plaintiff "properly refused" to provide information to Mr. McKeon.

29.     Deny each and every allegation contained in paragraph 29 of the Complaint, except aver that Plaintiff was suspended.

30.     Deny each and every allegation contained in paragraph 30 of the Complaint, except admit Plaintiff's employment was terminated, for legitimate, non-discriminatory reasons.

31.     Deny each and every allegation contained in paragraph 31 of the Complaint.

32.     Deny each and every allegation contained in paragraph 32 of the Complaint, except admit Plaintiff's employment was terminated, for legitimate, non-discriminatory reasons, which were summarized in a letter dated September 11, 2009, which should speak for itself.

33.     Deny each and every allegation contained in paragraph 33 of the Complaint.

34.     Deny each and every allegation contained in paragraph 34 of the Complaint, except admit Plaintiff's employment was terminated, for legitimate, non-discriminatory reasons.

35.     Deny each and every allegation contained in paragraph 35 of the Complaint.

36.     Deny each and every allegation contained in paragraph 36 of the Complaint, except admit that Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

37.     Deny each and every allegation contained in paragraph 37 of the Complaint.

38.     Deny each and every allegation contained in paragraph 38 of the Complaint.

### RESPONSE TO "SECOND CAUSE OF ACTION"

39.     Defendants repeat and reallege their responses to paragraphs 1 through 39 of the Complaint, as if each were fully set forth at length herein.

40.     Deny each and every allegation contained in paragraph 40 of the Complaint.

### RESPONSE TO "THIRD CAUSE OF ACTION"

41.     Defendants repeat and reallege their answers to paragraphs 1 through 41 of the Complaint as if each were fully set forth at length herein.

42.     Deny each and every allegation contained in paragraph 42 of the Complaint.

Deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, or to any relief at all, against Defendants.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

43.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

44.     Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD DEFENSE

45.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

### FOURTH DEFENSE

46.     Plaintiff's claims are barred, in whole or in part, because the employment actions about which she complains were taken for legitimate, non-discriminatory business reasons.

## FIFTH DEFENSE

47.     The Complaint is barred because of Plaintiff's own comparative or contributory

fault.

## SIXTH DEFENSE

48.     Upon information and belief, Plaintiff failed to mitigate her alleged damages.

Defendants reserve the right to assert additional affirmative defenses as established by the

facts of this case.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice,

together with the costs and disbursements of this action, reasonable attorneys' fees, and such

other and further relief as the Court deems just and proper.

Date:    October 5, 2011
     New York, New York

                                     Barbara E. Hoey
                                     LITTLER MENDELSON
                                       A Professional Corporation
                                     900 Third Avenue
                                     New York, NY  10022.3298
                                     212.583.9600

                                     Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Janet Hunt,<br><br>            Plaintiff,<br><br>      -against-<br><br>Kingsbrook Jewish Medical Center, Inc., et al,<br><br>            Defendants. | Case No. 1:11-cv-04736-JBW-CLP<br><br><br>**CERTIFICATE OF SERVICE** |

     I hereby certify that on October 5, 2011, I served the foregoing Answer to the Complaint on the following person by First Class Mail to the address listed below:

> Janet Hunt
> 68 Pilling Street
> Brooklyn, NY  11207

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Barbara E. Hoey